UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DEANDRE EVANS,**

    **Plaintiff,**

  **v.**                                              Case No. 19-CV-1862

**STEVE (WCS),**

    **Defendant.**

---

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS[1]

On December 19, 2019, DeAndre Evans filed a *pro se* complaint against an individual identified as "Steve (WCS)." (Docket # 1.) Evans also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because Evans does not demonstrate that he is unable to pay the filing fee, and because his complaint does not state a claim on which relief can be granted and amendment would be futile, I will deny his motion and recommend that the case be dismissed.

### ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding dismissal. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Evans states that he earns $950.00 per month in wages or salary but names no employer; he appears to have mistakenly referred to the $950.00 he receives in monthly social security payments. (Docket # 2 at 2.) Evans does not list any expenses. On this information, I would be obliged to conclude that Evans can pay the one-time $400 filing fee from his monthly surplus of $950.

Additionally, Evans' complaint does not state any claim on which relief could be granted. Two days before this complaint was filed, Judge Pepper dismissed another complaint by Evans that suffered a similar defect. (*Evans v. Ben*, No. 19-cv-1704 (E.D. Wis. Dec. 17, 2019), ECF # 3.) As in that case, Evans does not explain who the named defendant ("Steve (WCS)") is or what Steve did to him, when he did it, where he did it, or how he did it. This complaint is slightly more coherent, as construing Evans' complaint broadly, I can assume

that Steve is an employee of WCS. But Evans alleges no specific actions by Steve or any other employee of WCS. He states:

> The people at WCS are trying to make me move into their rooming houses, to say I know the people that they're affiliated with in order to put a case on me, by using technology (voices in my head) in order to build a case. They act as if they're helping, but in actuality they hurting me to use the government as a puppet to stop me from furthering my future. They are also trying to use my social security checks to benefit others.

(Docket # 1 at 3.) These allegations are disjointed, vague, and conclusory. Furthermore, Evans does not explain what he wants this court to do about these perceived grievances, leaving the "Relief Wanted" section blank (*Id.* at 4.) I cannot construe this complaint as stating any claim on which relief could be granted and see no possibility that amendment would cure the defects.

Additionally, Evans has alleged no basis for federal jurisdiction. A federal court can decide cases involving violations of federal laws or the federal Constitution, 28 U.S.C. §1331, or cases between citizens of different states in some circumstances, 28 U.S.C. § 1332. Evans did not check either of the boxes under "Jurisdiction" on the complaint form. Indeed, as Evans has not stated any federal claim against Steve and both are apparently Wisconsin citizens, there is no basis for federal jurisdiction.

In sum, Evans fails to demonstrate that he is indigent and fails to state any claim on which relief could be granted, and there is no basis for federal jurisdiction. Because amendment could not conceivably cure the defects in Evans' complaint, I will deny his request to proceed *in forma pauperis* and recommend that the action be dismissed.

**ORDER AND REPORT AND RECOMMENDATION**

**NOW, THEREFORE, IT IS ORDERED** that Evans's motion to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

**NOW, THEREFORE, IT IS RECOMMENDED** that Evans's complaint (Docket # 1) be dismissed without prejudice.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge